The United States Court of Appeals for the Federal Circuit is now open and in session. God save the United States and this Honorable Court. Our first case for argument today is 20-1548 NOAA v. GSA. Please proceed, Counsel. May it please the Court. I am Diana Parks, appearing on behalf of Appellant NOAA Maryland, LLC, who I will refer to as NOAA Maryland or lessor. Before this Court is a question of interpretation of a thick and poorly drafted sentence of a tax adjustment clause of a GSA lease. This Court must decide whether the Board's determination of meaning is reasonable, logical, and internally consistent, as well as compliant with the rules of construction laid down by this Court and the Board in binding case law. Ms. Parks, this is Judge Toronto. Can I just ask this? Would I be right in boiling down your position to the following? A tax is covered by 3.3a as long as it meets the first sentence's three requirements for being a real estate tax, namely, it's assessed against the building or land without regard to the benefit to the property and for the purpose of funding general government services. And the second sentence does not, in fact, narrow the first. It simply enumerates situations in which impositions do not meet all three requirements of the first sentence. Is that fair? Yes, Your Honor, it is. I'd like to point out to the Court that the second sentence actually contains the exact same language for excluding what is defined as a real estate tax as the first sentence of Section 3.3a, which defines what is a real estate tax. And that appears to me to potentially have been a drafting error because the exclusion from the definition actually swallows the entire definition of what is a real estate tax and then exceeds it. We look at the distinction of what is a present or future tax as pertaining to the lessor to any taxes that are imposed against the lessor. For example, Your Honor, in Florida, there are taxes against rental receipts. Well, let me just ask this. The way that I'm reading the second sentence is it just identifies a few situations. It is not, in fact, an exclusion of anything that would otherwise fall into sentence number one. It identifies a number of situations in every one of which at least one of the first sentence's three requirements is missing. And it simply clarifies that if all that you have is that, for example, the tax is opposed against the building or land, that's not enough. And it doesn't matter whether it's a present or future tax. And if it's a special assessment, that's not for general purposes. But nothing in the second sentence conflicts with and thereby narrows the first sentence. I believe that is correct, Your Honor, if I'm understanding the question. May I continue? Yes, please do. I was indicating that this is an important question because real estate tax reimbursements on this facility that are located in Prince George's County, Maryland, over a 23-year term impacts potentially millions of dollars of risk allocation between the landlord and the tenant, GSA, for real estate tax exposure. We view the Board's interpretation of these disputed taxes as both ambiguous and that the reasoning was inherently and internally inconsistent. And it renders portions of the same clause and even the same sentence utterly meaningless. Lesser asks the Court to impose two tried and true rules of contract interpretation. First, that ambiguity must be construed against the drafter. And second, that a reasonable meaning is given to all of the terms provided in a lease contract. Under this lease, GSA is responsible for any real estate tax increase over the base year taxes, with real estate taxes being defined under the Tax Adjustment Clause, referenced by Your Honor at Section 3.3a, as only those services, I'm sorry, only those taxes which are assessed against the building and or the land upon which the building is located without regard to benefits to the property for the purpose of funding general government services. The lease also provides that real estate taxes shall not include, without limitation, general or special assessment, building improvement district assessment, or any other present or future taxes or government charges that are imposed upon the lessor or assessed against the building or the land upon which the building is located. The Board erred by focusing exclusively on the word future to exclude a clean water tax and an educational tax from a partial award made because these items were added to the tax bill in a line item format after lease commencement, thereby considering these future taxes and excluded from reimbursement. Can I ask you this? This is just Toronto again. Assume for purposes of this question that we were to reject what I think is the only ground on which the Board said that the two taxes at issue here are not real estate taxes. We would then remand for the Board to consider whether each of these two taxes, in fact, meets all three requirements of the first sentence. Yes, Your Honor. That would be a suitable remedy. Please continue. I was explaining that Prince George's County began allocating certain taxes for governmental purposes after this lease was executed, which was on September 2, 2005, to provide and allow for more transparency to the community concerning the use of taxes, earmarking certain real estate taxes for, in this instance, the purposes of clean water tax, which occurred in 2013, Your Honors, and also supplemental educational tax passed in 2015. Based upon the Board decision and GSA's interpretation of the lease, the GSA could reject all tax payments simply because the municipality decided to describe its use in a separate line item. This is evidenced by the fact that GSA, just last year, rejected a new solid waste charge on the tax bill for $19,460 because of its future nature as a new line item. Clearly, we all know that our taxes are covering the provision of governmental purposes, such as clean water, education, and in many jurisdictions, solid waste removal. But because the bill is now describing it as a line item, the government, in this case GSA, feels justified in not paying this tax because it is deemed a future tax. GSA's position on the education of tax is especially perplexing as this is, in fact, the premier and universally funded purpose supported by real estate taxes throughout the country. The Board relied upon a selective and illogical reading of its tax adjustment clause to find that these seceded taxes are future taxes excluded from the lease definition of real estate taxes. I reference- Counselor, this is Judge Chen. For purposes of your appeal, I'm really just focused on these two sentences in this lease and I'm looking at the second sentence right now. Yes, Ron. You know, the key clause is the final clause about any other present or future taxes. And I was just wondering if we deleted the words any other present or, so it just went straight to future taxes of governmental charges. So the second sentence would read, real estate taxes shall not include without limitation general and or special assessments, business improvement district assessments, or future taxes of governmental charges that are imposed upon the lessor or assessed against the building and or the land upon which the building is located. If the clause had been written that way, would you agree that it would be NOAA Maryland that's liable for these particular two taxes? I would. I think that's essentially what happened at the board is that the board wrote out or any other present or future taxes. I propose to, well, we adhere to the position, Your Honor, that the more correct reading of this is that the firm and any other present or future taxes then is modifying or intending to describe the charges imposed upon the lessor. So you read the word other as modifying both present taxes and future taxes, right? Yes, I believe that it's inappropriate to attribute meaning to future taxes with exclusion of the two words that are just prior to it being present or. I believe we have to read present or future taxes together, and I believe they are speaking about present or future taxes that are imposed upon the lessor. So I believe that that makes some sense that we can indicate that present or future taxes or governmental charges that are imposed against the lessor would absolutely work in the traditional definition of what is a real estate tax. It comports with the way that the parties were, in fact, utilizing this tax provision prior to the dispute about future taxes, and it certainly complies with my client's understanding of what was to be paid here. If we were to take any other present or future taxes and apply it across the board to the rest of this sentence, I propose that the definition becomes so broad that it exceeds and swallows entirely the first sentence of Section 3.3 of the Tax Adjustment Clause, which is going too far. Regrettably, there seems to be some missing punctuation. I offer to the board or to the court that if we were to put literally a comma after the word lessor, that, too, is helpful in providing some meaning and breaks because present or future taxes or governmental charges that are imposed against the lessor would make sense. Those are taxes which would not travel with the land. They are not levied against the land. They are against the landlord. And, for instance, I gave the example in Florida of such a tax. Okay, Ms. Parks, we'll save the remainder of your time for rebuttal.  Good morning, and may it please the Court. Your Honors, I have five brief points I'd like to make today. First, the contract unambiguously excludes from GSA's real estate tax liability future or new taxes that were not contemplated by the parties at the time of contracting in 2005. Mr. McAdams, this is Judge Toronto. It seems to me that whatever else can be said, it does not unambiguously say that. I mean, you could just assert that it's unambiguous. I will tell you I do not find it unambiguous, and I tend rather to find it the other way. So, make an argument for the proposition rather than just asserting the conclusion. Yes, Your Honor. Well, looking to the exclusionary provision, the language shows that GSA's or the limitation was supposed to be a broad limitation on GSA's real estate tax liability. Many provisions in statutes and contracts, when there are two sentences or provisions next to each other, and the second one is supposed to carve out coverage that would otherwise be present in the first provision, they say notwithstanding that or provided however that this second sentence doesn't have carve-out language, and it seems to me it is very easy to read as completely consistent with the first sentence, not as carving out an exception to something that would otherwise be covered in the first sentence, which I should say is not temporally limited at all. There's no time language in the first sentence. Respectfully, Your Honor, we disagree. We believe that GSA's liability at the time of contracting extended to or incurred liability for those then-present taxes that satisfied the definition in the contract of a real estate tax. Where is their language in the first sentence about then-present? The present language is in the second sentence, Your Honor, and when appropriately understood in conjunction with the first sentence, the reference to other present taxes should be understood to refer to taxes that fall outside of the category of real estate taxes as defined in the preceding sentence. Additionally, beyond precluding or excluding from GSA's liability other than present taxes, the exclusionary provision excluded from GSA's liability future taxes imposed after the contract was executed irrespective of whether those future taxes may otherwise presently satisfy the definition of a real estate tax. And Mr. McIntosh, this is Judge Chen. Just to drill down so I can, I mean, I understand what your position is, but I don't quite understand why you're holding that position when we're looking at the text of Section 3.3a. Is it your view that when you look at the second sentence and specifically the final clause as to any other present or future taxes that the word other modifies only present but does not modify future? So you read that final clause as referring to any other present taxes as well as any future taxes? Because my initial inclination would be to read it as any other present taxes or any other future taxes. Now, what is your position on this question? Your understanding is correct, Your Honor. So when GSA incurred its liability for real estate taxes at the time of contracting in 2005, I'm sorry, I'm not ready to hear a story just yet. I'm just really focused on how to understand this clause. And, like, another way to ask the question is what if we took out the words present or future? And so that final clause simply says any other taxes of governmental charges that are imposed upon the lessor or assessed against the building and or the building and or the land upon which the building is located. Would the Board's analysis of this provision still be correct? Or would you agree that under those circumstances if that final clause just said any other taxes, then that wouldn't exclude the possibility of the taxes we're talking about here, these clean water and education taxes. To be clear, Your Honor, is Your Honor's question if the word future taxes were removed? No, it's the word present or future. So it just says any other taxes. Would you agree with NOAA Maryland's position about these taxes potentially being real estate taxes? In that hypothetical, potentially, Your Honor, if there was not a prescription against liability for future taxes that were not imposed  that there was a prescription against liability is it possible presuming those taxes otherwise satisfied? I don't know. You're answering a question, I'm afraid, that's different than my question. If it just said any other taxes, you would agree that the Board's reading of the overall provision could not stand, right? If future were not in the contract... Present or future. Present or future. All three of those words were deleted. Would you agree? In that hypothetical, yes, Your Honor, because the Board's decision... Okay, that's fine. The next question is what is it about the addition of these three extra words, present or future, into the phrase any other taxes, all of a sudden is pivotal and forces a different outcome? So the inclusion of present or future taxes is what serves in this sentence or in these two sentences to create the two categories, Your Honor, that... Well, I'm trying to understand why does any other present or future taxes mean something different than any other taxes? To me right now, they sound like the exact same thing. If I'm understanding Your Honor's question correctly, the inclusion of those words are what serve to create the categories of those things that fall outside, temporally speaking, GSA's liability that it incurred in 2005, Your Honor. And so... All right, let me just get... Okay, so any other present or future taxes, the Board's decision should be affirmed. If it just said any other taxes, the Board's decision has to be reversed. That's the government's position. In a hypothetical, Your Honor, where present or future taxes was not included in the presentation, it's possible that... Any other taxes. If it just said any other taxes, I heard you say that you would agree that the Board's decision couldn't stand. Possibly, Your Honor, but here the words are included and the prescription on liability for future taxes is unambiguous and precluded liability for the two taxes that are at issue here that were imposed in 2013 and 2015, respectively. And with that correct interpretation in mind, the Board correctly denied recovery for those taxes. Mr. McAdams, this is Judge Toronto. Can I just ask this? The Board, for these two taxes, rested its decision only on this future word. Do you or did you have other arguments about why one or more of the three requirements of the first sentence would not be met by these two taxes? Not at this time, Your Honor. No, but before the Board. I mean, did you say, here's one reason that these two taxes are not within this provision, and that's the future reason, but we also have other reasons like it's not for general public purposes or whatever the other three requirements of the first sentence. Did you make other arguments about those? Yes, Judge. At the Board, the GSA argued that the two taxes that are at issue here were not for purposes of funding general government services. The Board rejected that position, and we, the Department of Justice, did not seek the Solicitor General's concurrence to cross-appeal on that issue, so we are not arguing that here, Judge. Does that suggest that if we were to reject the future point, we reverse outright and don't have a remand because you haven't argued in the alternative what I think you just identified as the only other argument that you raised below about non-coverage under this 3.3 provision of these two taxes? No, Judge. I would agree with Counsel for NOAA that if the Court disagreed with the Board's position insofar as the future language was operative, the appropriate remedy would be a remand. But did I understand you right to say that the Board has already rejected the only other position that you argued? The Board rejected the point about... I'm looking for a quick note here, Your Honor. If I may just have a moment. Okay. Well, Your Honor, I would just say the Board did not undertake a full factual assessment as it did with the two taxes that NOAA recovered for at the Board to assess the nature of the taxes and discern within the framework that the Board applied whether the taxes otherwise satisfy the definition of a real estate tax. And as this Court, as an appellate Court, is not best suited to make factual findings in the first instance, if the Court disagreed... There's more. As I understand Judge Toronto's question, did you make arguments that these were not a real estate tax within that rubric that are yet to be decided by the lower tribunal? That's the concern. Is there anything left to do in this case that you actually preserved and argued? If I may just have a moment, Your Honor. Okay. So, Your Honor, while we... GSA argued at the Board against the finding that these were real estate taxes based on the prong of the real estate definition in the contract referring to funding of general government services, the two other prongs of the test were not ultimately assessed... The two other prongs of the definition were not ultimately assessed by the Board. The Board did not undertake, again, that same factual analysis for these two disputed taxes that it did with the other two taxes for which NOAA recovered. I guess I'll try one last time. Did you contest the other two factors? I do not have a specific answer for the court on that question right now, though I'm happy to provide an additional answer through supplemental briefing if the court should desire. And so I would add, Your Honors, that here NOAA is confusing GSA's real estate tax adjustment liability for an obligation to pay future taxes imposed after the execution of the contract. We would also add that NOAA's proffered alternative of the exclusionary provision isn't plausible insofar as it takes what we understand to be a broad exclusion and narrow it to merely refer to assessments that are mentioned in the second provision of the definition. Mr. McAdams, this is Joe Toronto. Can I ask you one very specific question? On appendix page 5, which is also page 5 of the Board opinion, there's a little section called the Tax Adjustment Clause. And in the one longish paragraph, there's a discussion of several other decisions, claims court, board, about the term real estate taxes. I think there are three cases cited. Did they involve the same contractual language as we have in front of us or just real estate taxes but not part of a provision that mirrors this two-sentence 3.3 provision? I do not have a specific answer for Your Honor. I believe, though, that they did not concern this specific provision. Okay. Okay, thank you, Mr. McAdams. Ms. Parks, you have some rebuttal time. Please proceed. Ms. Parks, you may be muted. We can't hear you. My apologies. I request that my time begins now. I was offering to answer the question    I'm not aware of that. Okay. Okay. I do have some information concerning the tax adjustment clause in this lease versus other GSA leases, which it is a standard clause in the other cases that were discussed by the Board on page five of the decision, City Crescent Limited Partnership, the United States and Wright Runstap Properties limited partnership, the United States. This lease, Your Honor, is extremely unique. This was a ground lease that was acquired by the GSA and assigned to the developer. That meant that the GSA selected the site. I'm sorry, I'm confused about something, not about the specifics. You segued very quickly from this contract, contract language is just like the contract language in these other provisions and then you segued into this one is completely unique. Do you mean unique in ways having nothing to do with this particular language? Ways, Your Honor, that do impact this language. This was a credit tenant lease meaning that a significant portion of the risk was undertaken by the government. It was intended to essentially be a triple net lease meaning that taxes paid over the real estate tax base which was negotiated and specifically amended by my client in lease amendment 11 was the standard. You pay over and above those taxes. Another exploration of that idea is that something called CC&R was also paid for by the government. These were costs associated with the site. Site, again, selected by the government. This lease is unique. It's a 3517X credit tenant lease. Very unique vehicle used by GSA in this instance because it was a very expensive facility. Unique lease term, unique provisions. The tax clause in this particular lease was unique and it's not precisely the same standard GSA tax clause. It's not precisely the same language that was explored in City Crescent Limited Partnership or in Wright-Ronstadt Properties. However, those are binding case laws. They define what is a real estate tax and they work perfectly with the first sentence of section 3.3. The appellant is before this court to ask that the interpretation applied to the GSA drafted tax clause be intellectually honest and reasonable and that it will hold the government to the original bargain that it made which is to pay for real estate tax increases over and above the base. If we were to utilize the second sentence the way that the government has sought and to some extent been successful at the board, we have the ability for the government to avoid future taxes which can mean essentially anything in terms of a jurisdiction that does certain line items as this one does despite the fact that all of the charges are for general governmental purposes recognized under this case law as appropriate for inclusion as a defined real estate tax. I would also like to point out that while certainly Maryland would accept a remand, I do believe that it is appropriate for this court to outright overturn the decision because the government has not preserved its ability to argue that the case decided by the board mispoints concerning whether these taxes in dispute are in fact appropriately determined to be real estate taxes. We certainly argued at the board that they were. We've also argued at the court that they are. The statutes under which these taxes are authorized are not the statutes under the Prince George's Code that apply to special assessments. These taxes are all. I'll give you an example. Okay, I thank both counsel. This case is taken under submission.